**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BARRY NEWHOUSE, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>U.S. AGENCY FOR GLOBAL MEDIA, *et al.*,<br><br>        Defendants. | Case No. 26-cv-00980-RCL |

## <u>DEFENDANTS' OBJECTION TO PLAINTIFFS' NOTICE OF RELATED CASE</u>

Pursuant to Local Rule 40.5(b)(2), Defendants object to Plaintiffs' designation of this case as related to *Widakuswara v. Lake*, No 25-cv-01015-RCL (D.D.C.). *See* ECF No. 2.

Plaintiffs' Notice of Related Case claims that the cases are related because they grow out of the same event or transaction pursuant to Local Rule 40.5(a)(3). Not so. The claims in *Widakuswara* primarily stemmed from the U.S. Agency for Global Media's (USAGM) implementation of Executive Order 14,238, including its personnel re-structuring and its compliance with statutory functions following that re-structuring. The instant case is entirely unrelated to Executive Order 14,238 and does not include any similar claims related to personnel actions. Instead, in Plaintiffs' own words, this case is about alleged "censorship and propaganda." Compl. ¶ 1, ECF No. 1. Indeed, in the first few sentences of their Complaint, Plaintiffs concede that this lawsuit does not challenge the purported "dismant[ling]" of Voice for America (VOA), the action at issue in *Widakuswara*, but instead contests "different" actions, *i.e.*, the administration's alleged use of "governmental authority to control VOA's substantive output—the content of its broadcasts and publications—by suppressing coverage of events that it wishes had not occurred, and, separately, by directing that its own partisan messages be passed off to viewers and listeners as 'news.'" *Id*. ¶ 2.

1

In short, the claims in *Widakuswara* and the instant case are entirely distinct. Because the Local Rules do not support Plaintiffs' related case designation, this case should be transferred to the Calendar and Case Management Committee for random reassignment in the ordinary fashion. *See* LCvR 40.5(c)(1).

## BACKGROUND

Plaintiffs in this case assert five claims: Count I—violation of the First Amendment because Defendants have allegedly "interfered with the editorial discretion of journalists by preventing the USAGM networks' journalists from making independent decisions about what news to cover and how to cover it" *id*. ¶¶ 99-110; Count II—violation of the First Amendment because Defendants have allegedly violated the organizational Plaintiffs' right to receive information "without undue government interference," *id*. ¶¶ 111-19; Count III—violation of the Administrative Procedure Act (APA) because Defendants have allegedly failed to comply with 22 U.S.C. §§ 6202, 6204(b), "which exists to protect the USAGM journalists' professional independence and integrity and to enable them to operate within the highest professional standards of broadcast journalism," *id*. ¶¶ 120-27; Count IV—Declaratory Judgment Act claim "to establish that the Defendants do not have the right to censor VOA and use the VOA Journalist Plaintiffs to disseminate propaganda," *id*. ¶¶ 128-29; Count V—Mandamus Act claim "to compel Defendants to act in accordance with their statutory functions" under 22 U.S.C. § 6202(a)-(c), *id*. ¶¶ 130-35.

In contrast, Plaintiffs in *Widakuswara* asserted 11 claims stemming from Defendants' restructuring actions and from the appointment of certain USAGM officials: Count I—violation of the First Amendment because "[b]y shuttering the agency, Defendants have prevented the USAGM networks and journalists from making independent decisions about what news to cover and how to cover it, in violation of the First Amendment," *see* Compl., *Widakuswara v. Lake*, No 25-cv-01015-RCL, ¶¶ 102-108 (D.D.C. Mar. 21, 2025), ECF No. 1 (*Widakuswara* Compl.); Count II—violation of the First Amendment because Defendants' purported "shutter[ing] [of] USAGM's networks' operations . . . deprived [organizational plaintiffs] and their members of a

valuable source of information and reporting." *Id*. ¶¶ 109-116; Count III—violation of the APA "by virtue of shuttering the agency, putting all staff on administrative leave, and threating to drastically reduce staffing," *id*. ¶¶ 117-25; Count IV—request for injunctive relief because Defendants re-structuring actions interfere with and prevent "VOA's newsgathering and news dissemination," *id*. ¶¶ 126-31; Count V—violation of the APA by allegedly "unilaterally ceasing statutorily mandated functions and effectively shuttering an agency that Congress has created by statute," *id*. ¶¶ 132-36; Count VI—violation of the APA because "[b]y ceasing all USAGM operations, Defendants have unlawfully withheld agency action," *id*. ¶¶ 137-41; Count VII—Mandamus Act claim to require USAGM to perform statutorily mandated functions, *id*. ¶¶ 142-47; Count VIII—violation of Separation of Powers because Defendants' actions allegedly "unlawfully usurp Congress's legislative authority and are therefore *ultra vires*," *id*. ¶¶ 148-53; Count IX—violation of the Appointments Clause regarding the Chief Executive Officer (CEO) of USAGM, *id*. ¶¶ 154-60; Count X—violation of the Appointments Clause regarding the Senior Advisor, Deputy CEO, and Acting CEO, *see* Suppl. Compl., *Widakuswara v. Lake*, No 25-cv-01015-RCL, ¶¶ 27-34 (D.D.C. Nov. 17, 2025), ECF No. 167-1 (*Widakuswara* Suppl. Compl.); Count XI—violation of the Federal Vacancies Reform Act and APA regarding Kari Lake's eligibility to serve in certain roles, *id*. ¶¶ 35-42.

## ARGUMENT

The default rule in this district is that civil cases are assigned randomly. *See* LCvR 40.3(a) (providing that civil cases "shall be assigned to judges of this Court selected at random"); *accord The Wilderness Soc'y v. Bernhardt*, No. 20-1176, 2020 WL 2849635, at *1 (D.D.C. June 2, 2020); *Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 118 (D.D.C. 2019); *United States v. Volvo Constr. Equip. AB*, 922 F. Supp. 2d 67, 68 (D.D.C. 2013). Random assignment "ensure[s] greater public confidence in the integrity of the judicial process[,] . . . guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Wilderness Soc'y*, 2020 WL 2849635, at *1 (quoting *Tripp v. Exec. Off. of President*, 196 F.R.D. 201, 202 (D.D.C. 2000)); *see*

3

*also Trump v. Comm. on Ways & Means, U.S. House of Representatives*, 391 F. Supp. 3d 93, 97 (D.D.C. 2019) ("Scrupulous adherence to Local Rule 40.5 is important to 'avoid any appearance of judge-shopping or favoritism in assignments and to assure the public that cases were assigned on an impartial and neutral basis'" (quoting *Tripp*, 196 F.R.D. at 202)).

Local Rule 40.5 creates limited exceptions. At issue here, cases may be related where the earliest case is "still pending on the merits" in the district court, LCvR 40.5(a)(3), and where the two cases "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction, or (iv) involve the validity or infringement of the same patent." *Wilderness Soc'y*, 2020 WL 2849635, at *1 (quoting LCvR 40.5(a)(3)). Plaintiffs in this case rely on the "same event or transaction" provision. *See* ECF No. 2. The burden of demonstrating relatedness lies with the party seeking to avoid random assignment—here, Plaintiffs. *See id.* at *2 (citing *Singh v. McConville*, 187 F. Supp. 3d 152, 155 (D.D.C. 2016)). "The burden on the party claiming relation is heavy as random assignment of cases is essential to the public's confidence in an impartial judiciary." *Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 119 (D.D.C. 2019) (quoting *Dakota Rural Action v. U.S. Dep't of Agric.*, No. 18-2852, 2019 WL 1440134, at *1 (D.D.C. Apr. 1, 2019). "Deviating from that foundational principle is appropriate only if the relationship between the two cases is certain." *Id.* (quoting *Dakota Rural Action*, 2019 WL 1440134, at *1).

"The judge to whom a case is assigned resolves any objection to a related-case designation." *Wilderness Soc'y*, 2020 WL 2849635, at *2 (internal quotation omitted) (quoting *Dakota Rural Action*, 2019 WL 1440134, at *1 and citing LCvR 40.5(c)(3)). "If the objection is sustained, the judge may transfer the later-filed case to the Calendar and Case Management Committee, which then decides if good cause exists for the transfer and thus random reassignment of the case." *McGahn*, 391 F. Supp. 3d at 119 (internal quotation omitted) (citing LCvR 40.5(c)(1)).

The instant case and *Widakuswara* do not grow out of the same event or transaction under Local Rule 40.5(a)(3). The claims in *Widakuswara* primarily revolve around USAGM re-

4

structuring pursuant to Executive Order 14,238. *See Widakuswara* Compl. ¶ 69; *see also id*. ¶ 2 (challenging USAGM's purported "wholesale dismantling"). Indeed, the plaintiffs' motion for summary judgment in that case repeatedly underscores this framing. *See* Pls' Memo. in Supp. of Summ. Judg., *Widakuswara v. Lake*, No 25-cv-01015-RCL, at 16-17 (D.D.C. Nov. 17, 2025), ECF No. 166-1 (arguing that "Defendants['] deci[sion] to cut VOA's and USAGM's operation back to a mere fraction" violate the APA); *id*. at 19 ("Defendants made a decision to drastically cut an agency, harming each of the Plaintiffs. Plaintiffs now ask for that single decision to be undone."); *id*. at 22 ("Taken together or individually, these actions decimated VOA's and USAGM's abilities to broadcast and disseminate programming. They resulted in VOA going dark for the first time in its existence and programming and broadcasting at *de minimis* levels since."). And the Court's order on that motion also focuses on the challenged re-structuring: "The plaintiffs challenge the defendants' actions in March 2025 to dramatically downsize the United States Agency for Global Media and its subsidiary, Voice of America[.]" *See* Mem. Op., *Widakuswara v. Lake*, No 25-cv-01015-RCL, at 1 (D.D.C. Mar. 17, 2026), ECF No. 223. At bottom, the Court in *Widakuswara* evaluated the legality of agency re-structuring pursuant to Executive mandates, including whether the agency could fulfill its statutory obligations following that restructuring. Or, in the language of Local Rule 40.5(a)(3), the relevant "event or transaction" is the agency's compliance with Executive Order 14,238.

Plaintiffs in this case make no such claims. Plaintiffs focus on the substantive interactions between USAGM and VOA journalists over the substance of their reporting. Plaintiffs allege that Defendants have deprived the journalist Plaintiffs "of the ability to engage in independent, professional news-gathering and reporting of the news, or to author and disseminate editorial works of opinion, criticism, and human interest as part of their work at VOA based on the content and perceived viewpoint of their reporting" have interfered "with their exercise of editorial control" and have chilled "any future reporting they may publish for VOA, in derogation of their rights under the First Amendment and other provisions of law." *See* Compl. ¶ 92. Plaintiffs also allege that Defendants actions have deprived the organizational Plaintiffs "of a

critical flow of information from areas where information is tightly controlled," impinged their "ability to identify and call out ongoing persecution and censorship," and curtailed members' "ability to gather and report news, to author and disseminate editorial works of opinion, criticism, and human interest, and to exercise editorial control over their publications," thereby "chill[ing] their future reporting for VOA." *Id*. ¶¶ 95-96. Their allegations are about the substance of USAGM's content supervision and foreign relations duties, not, as in *Widakuswara*, on the categories of activities where USAGM operates. Again, the "event or transaction" in this case is USAGM's alleged involvement in specific journalistic decisions, not the agency's restructuring activities. Even providing Plaintiffs with the most generous reading of the Local Rules, comparison of the claims makes it apparent that they do not arise out of the same "event or transaction" to warrant deviating from the foundational principle this Court has repeatedly recognized.

The only possible relation between this case and *Widakuswara* is that both cases involve USAGM and the general administration of that agency and its components pursuant to current Executive Branch priorities. But "[c]ases are not related under the outgrowth test simply because they involve the same defendant or similar topic areas." *Millard v. Gov't of D.C.*, No. 1:22-CV-2672-RCL, 2023 WL 2301927, at *3 (D.D.C. Mar. 1, 2023) (citing *Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 122 (D.D.C. 2019)). "Rather, this prong is reserved for those situations where some event or transaction 'uniquely precipitated this action' in a manner that suggests judicial economy would be gained by the same judge presiding over both." *Id*. (quoting *McGahn*, 391 F. Supp. 3d at 122); *see, e.g.*, *Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 119-22 (D.D.C. 2019) (concluding that although two cases concerned "the same Judiciary Committee investigation being conducted pursuant to the same legal authorities," they did not grow out of the same event or transaction because one case involved a "congressional subpoena enforcement action aris[ing] out of the efforts to enforce a duly authorized, issued, and served Congressional subpoena," while the other involved "efforts to obtain grand jury materials"); *Keepseagle v. Glickman*, 194 F.R.D. 1, 3 (D.D.C. 2000) ("At bottom, the only relationship

between this case and the [previous] case is that both sets of plaintiffs are farmers who are members of protected classes and both complain of similar discrimination at the hands of the Department of Agriculture. These common aspects are not sufficient under this Court's Local Rules to justify waiving the normal judicial policy of random assignment of cases." (citation omitted)); *see generally DSCC v. Trump*, No. CV 26-1114 (CKK), 2026 WL 1012587, at *3 (D.D.C. Apr. 8, 2026) (Although cases may "share many of the same plaintiffs and involve the same area of the law, the Local Civil Rule does not make cases related if they involve common issues of law, only common issues of fact." (citation modified)). Both this case and *Widakuswara* involve USAGM agency operations, "but that is not a unique event overcoming the broader good of random assignment." *Millard*, 2023 WL 2301927, at *3.

## CONCLUSION

Because the Local Rules do not support Plaintiffs' designation of the instant case and the *Widakuswara* as related, this case should be transferred to the Calendar and Case Management Committee for random reassignment in the ordinary fashion.

Dated: May 1, 2026                                  Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

JOSEPH E. BORSON
*Assistant Branch Director*

/s/ *Heidy L. Gonzalez*
HEIDY L. GONZALEZ
(FL Bar No. 1025003)
*Trial Attorney*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 598-7409
E-mail: heidy.gonzalez@usdoj.gov

*Counsel for Defendants*

7