**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BARRY NEWHOUSE**, *et al.*, | |
| *Plaintiffs,* | |
| **v.** | **Case No. 1:26-cv-980-RCL** |
| **U.S. AGENCY FOR GLOBAL MEDIA**, *et al.*, | |
| *Defendants.* | |

## ORDER

Before the Court is Defendants' Objection to Plaintiffs' Notice of Related Cases.  ECF No. 23.  Under Local Rule 40.5(a)(3), cases may be designated as related where the earlier case is "still pending on the merits" in the district court and where, as relevant here, the two cases "grow out of the same event or transaction."  When the related cases are noted at the time of filing, the Clerk of Court assigns the new case to the judge to whom the oldest related case is assigned in lieu of randomly assigning the new case. *Id.* 40.5(c)(1).  Under these circumstances, Defendants may file and serve objections to the related-case designation with their first responsive pleading or motion, *id.* 40.5(b)(2), and the objections shall be determined by the undersigned judge, to whom the case is presently assigned, *id.* 40.5(c)(3).

The earlier case in question here, *Widakuswara v. Lake*, No. 25-cv-1015-RCL (D.D.C.), filed in March 2025 and presently on appeal, challenges the federal government's efforts to effectively shut down Voice of America (VOA) and its parent agency the United States Agency for Global Media (USAGM) by removing staff, installing an agency head without congressional approval, and preventing statutorily mandated functions. *Widakuswara*, Compl., ECF No. 1, ¶¶ 102–60; *Widakuswara*, Supp. Compl., ECF No. 167-1, ¶¶ 27–42.  The present case, filed in

March 2026, challenges subsequent governmental action in 2025 and early 2026 that has allegedly prevented VOA journalists from independently reporting on the news.  Compl., ECF No. 1, ¶¶ 99–135.

Defendants argue that this case should not be designated as related because "[t]he claims in *Widakuswara* primarily revolve around USAGM restructuring pursuant to Executive Order 14,238," while this case "focus[es] on the substantive interactions between USAGM and VOA journalists over the substance of their reporting."  ECF No. 23 at 4–5.  Plaintiffs counter that these cases involve the same ongoing set of facts—namely, the Trump Administration's continuing effort to interfere with VOA's independent journalism.  ECF No. 25 at 5.

"The related case rule 'rests primarily on considerations of judicial economy' and aims to prevent the inefficiency inherent in having two judges 'handling cases that are so related that they involve common factual issues or grow out of the same event or transaction.'"  *DSCC v. Trump*, No. 26-cv-1114-CKK, 2026 WL 1012587, at *2 (D.D.C. Apr. 8, 2026) (quoting *Boyd v. Farrin*, No. 12-cv-1893-PLF, 2012 WL 6106415, at *1 (D.D.C. Dec. 10, 2012)).

The complaints in both cases allege that the contested government action was driven by the current administration's animosity to the viewpoint of VOA's reporting.  ECF No. 1, ¶¶ 1–2; *Widakuswara*, ECF No. 1, ¶¶ 1, 69–73.  The facts of the two cases are overlapping in that Plaintiffs in the present case allege that the Trump Administration resorted to attacking VOA's independent reporting after its attempts to shut down VOA failed.  Specifically, Plaintiffs allege:

> In the last year, President Donald J. Trump and his appointees have done everything in their power to silence and dismantle [VOA], an independent, federally funded news outlet required by law to bring unbiased news to the world. Frustrated in that effort by the courts, the Administration has now taken a different tack: to use its governmental authority to control VOA's substantive output—the *content* of its broadcasts and publications—by suppressing coverage of events that it wishes had not occurred, and, separately, by directing that its own partisan messages be passed off to viewers and listeners as "news."

ECF No. 1, ¶ 2.

While the Court takes no position on the merits of the present case at this early stage of litigation, the Court determines that these cases are "related" for purposes of Rule 40.5(a)(3) assignments.   Both complaints allege a set of ongoing events revolving around the Trump Administration's professed mission to challenge VOA's editorial independence and viewpoint. Because the complaint in the present case alleges actions that came about alongside and in response to the events at issue in the *Widakuswara* litigation, the Court finds that "judicial economy would be gained by the same judge presiding over both" cases.  *See Millard v. Gov't of D.C.*, No. 1:22-cv-2672-RCL, 2023 WL 2301927, at *2 (D.D.C. Mar. 1, 2023) (observing that the relatedness designation is appropriate "where some event or transaction [at issue in the prior case] 'uniquely precipitated this action'" (quoting *Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 122 (D.D.C. 2019)).

For the reasons set forth above, and consistent with Local Rule 40.5, the Court determines that the cases in question are related, and the present case will not be transferred to the Calendar and Case Management Committee for random reassignment.  Defendants' Objection to Plaintiffs' Notice of Related Cases, ECF No. 23, is overruled.

**IT IS SO ORDERED.**

Date: _____6-30-26_____          _____
                                   Royce C. Lamberth
                                   United States District Judge

3